IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALCIDEZ MENDOZA DURAN, § | |
| A# 205 073 840, § | |
| § | |
| *Petitioner*, § | |
| § | |
| V. § | CIVIL ACTION NO. SA-26-CV-00162-FB |
| § | |
| KRISTI NOEM, *et al.*, § | |
| § | |
| *Respondents*. § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is the Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") (ECF No. 1) filed by Petitioner Alcidez Mendoza Duran ("Petitioner"), the Abbreviated Response to Habeas Petition and Request to Proceed Without Oral Argument (ECF No. 4) filed by the Federal Respondents ("Respondents"), and Petitioner's reply (ECF No. 5) to the abbreviated response. After careful consideration, the Petition (ECF No. 1) will be **GRANTED**.

## DISCUSSION

Respondents have submitted an Abbreviated Response to preserve the legal issues and to conserve judicial and party resources. They acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition for the same reasons stated in the prior relevant decisions identified in the Abbreviated Response. While Respondents respectfully disagree with those decisions, the factual and legal issues presented in this case do not differ in any material fashion from those presented in the

identified decisions. As requested by Respondents, the Court incorporates the filings in those cases into the record in this case. For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

## CONCLUSION

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Alcidez Mendoza Duran (A# 205-073-840) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place as soon as practicable but **no later than January 30, 2026;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Patricio Garza Izaguirre, patricio@garzanarvaez.com, (512) 485-3005] of the exact location and exact time of Petitioner's release as soon as practicable but **no less than two hours before Petitioner's release;**

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that Petitioner be afforded a bond hearing.

5. Respondents shall **FILE** a Status Report **no later January 30, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

IT IS FINALLY ORDERED that a Final Judgment shall issue separately.

It is so ORDERED.

SIGNED this 27th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE